## SAMUEL KOPELOWICH, APPELLANT, *v.* WILLIAM KERSBURG, RESPONDENT.

*Order of arrest — Rule 6 of 1874 — what a sufficient compliance with.*

It is a sufficient compliance with Rule 6 of the Rules of 1874, requiring the sheriff to file with the clerk the order of arrest and affidavits on which it was granted, and directing that a copy of the rule be indorsed on the order of arrest before its delivery to the sheriff, if the substance of the rule be indorsed upon the outside of the original papers given to the sheriff, although such indorsement be omitted from the copy of the papers served upon the person arrested.

APPEAL from an order made at the Special Term setting aside an order of arrest.

*Chamberlain & Knapp,* for the appellant.

*Fuller & Vann,* for the respondent.

TALCOTT, J. :

This is an appeal from an order of the Onondaga Special Term made in May, 1877, setting aside an order of arrest granted in the action in March, 1877, with costs.

The order setting aside the order of arrest was granted, apparently, as appears from the memorandum of the justice, upon the ground that a copy of the sixth rule was not indorsed. It appears by the stipulation in the case, that no question was made as to the sufficiency of the affidavits on which the order of arrest was made. The affidavits and the order were so attached that when the papers were folded, the back of one of the affidavits formed the outside of the

package, and upon the outside of the original papers was indorsed a direction to the sheriff, containing the substance of the sixth rule, but no such notice or direction was indorsed on the copies served.

The justice at Special Term followed the case of *Dent* v. *Watkins* (49 How. P. R., 275), expressly reserving his own opinion. The case of *Dent* v. *Watkins* was decided by the Superior Court of New York, and holds that a copy of the indorsement must be served. We have to say about this, that the Rule 6 * does not require by its terms any copy of the indorsement to be served, and as this is a mere technical objection, we think the rule is fully satisfied by complying with its terms.

In *Barker* v. *Cook* (25 How. Pr. R., 190), approved by the Court of Appeals, it was held that it was not necessary in serving copies of papers required to be served, to serve copies of the signature or jurat.

It was held by Mr. Justice HENDERSON, in *Forward* v. *French* (52 How., 88), that the said Rule 6 was without authority, as being in conflict with section 183 of the Code of Procedure, which provides that the order of arrest shall direct the sheriff to return the order " to the plaintiff or attorney by whom it shall be subscribed or indorsed." However this may be, it seems to us that the rule cannot be stretched beyond its terms.

In the new " Code of Civil Procedure " section 561, it is provided that the order of arrest shall require the sheriff " to return the order with his proceedings thereunder, as prescribed by law," * so that it is not perhaps important at this day to determine whether Rule 6th was in conflict with the Code of Procedure or not, as we think the order setting aside the order of arrest should be reversed, because we think the indorsement in this case, substantially complied with the rule.

Order appealed from reversed, without costs of appeal to either party.

Present — MULLIN, P. J., TALCOTT and SMITH, JJ.

Order appealed from reversed, without costs to either party.

---

* Rule 6 of 1874 was omitted from the rules of 1877, and the whole matter is now regulated by sections 577 and 590 of the Code of Civil Procedure. — [Rep.